## UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

UNITED STATES OF AMERICA

v.

MARCUS TYMS

FILED
JUL 1 0 2008
7-10-08
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

CRIMINAL COMPLAINT

CASE NUMBER: **08 CR 543**

**MAGISTRATE JUDGE COLE**

I, Patrick M. Geahan, being duly sworn, state the following is true and correct to the best of my knowledge and belief.

On or about June 23, 2007 continuing to on or about September 25, 2007, in the Northern District of Illinois, Eastern Division, defendant did,

> using a facility or means of interstate or foreign commerce, knowingly persuade, induce, or entice an individual who had not attained the age of 18 years to engage in sexual activity for which a person could be charged with a criminal offense, namely, 720 ILCS 5/12-16(d),

in violation of Title 18, United States Code, Section 2422(b).

I further state that I am a Special Agent with the Federal Bureau of Investigation and that this complaint is based on the following facts:

> See attached affidavit.

Continued on the attached sheet and made a part hereof:  X  Yes  ___ No

_____
Signature of Complainant

Sworn to before me and subscribed in my presence,

July 10, 2008                                    at     Chicago, Illinois
Date                                                    City and State

Jeffrey Cole, U.S. Magistrate Judge
Name & Title of Judicial Officer                        Signature of Judicial Officer

STATE OF ILLINOIS        )
                         ) ss
COUNTY OF COOK           )

## AFFIDAVIT FOR CRIMINAL COMPLAINT

I, Patrick M. Geahan, a Special Agent with the Federal Bureau of Investigation ("FBI"), Chicago Division, Chicago, Illinois, being duly sworn, do hereby state and depose as follows:

1. I am an FBI Special Agent and have been so employed since 2004. I am currently assigned to a Cyber Crimes Squad in the Chicago Field Office and have participated in numerous investigations of violations of federal laws, including computer crimes. I am currently investigating federal violations concerning child pornography and the sexual exploitation of children. I have gained experience in investigating such matters through the guidance of other FBI Agents and law enforcement officers, as well as through my everyday work related to conducting these types of investigations.

2. As part of my work, I have conducted approximately 30 child sexual abuse and child sexual exploitation investigations. These matters include production, possession and distribution of child pornography and enticement of a minor.

3. I am aware of the information set forth in this affidavit through investigation conducted by me personally, and investigation conducted by other law enforcement officers.

4. I submit this affidavit in support of my belief that probable cause exists to charge MARCUS TYMS with violations of Title 18, United States Code, Section 2422(b), as set forth in the attached criminal complaint. The information contained in this affidavit is provided for the limited purpose of establishing probable cause in support of the attached criminal complaint. This affidavit does not set forth each and every fact known to me concerning this investigation.

## INVESTIGATION OF MARCUS TYMS

### *Incident at Papoose Tot Lot, Carol Stream, Illinois*

5.  On the early morning of September 25, 2007, around 12:36 a.m., a Carol Stream police officer (hereinafter "Officer A") was patrolling near Papoose Tot Lot, a public park in Carol Stream, Illinois, in a squad car, and observed a male and a younger-looking female sitting in the park next to each other. When the male and female noticed the squad car, the female ran northbound and the male ran southbound. Officer A searched for the female but did not find her.

6.  A few minutes later, Officer A saw a male sitting in a car that was parked near Papoose Tot Lot and that had the engine running. Officer A recognized the male as the same person he had recently seen in the park because he appeared to be wearing the same clothing. Officer A asked the male why he was in the park, and the male said he was there to meet a male friend. The male also identified himself as MARCUS TYMS.

7.  Officer A asked TYMS to step out of his car to talk further. Officer A told TYMS that he was not under arrest.

8.  Other officers then arrived on the scene. When another officer asked TYMS to verify his story, TYMS admitted that his story was false. TYMS then said that he had met a girl through a chat service accessed by their cell phones, and that they had arranged to meet in the park for the first time in the late evening of September 24, 2007. TYMS said that he had met the girl and that they had simply talked. TYMS identified the girl by her first name. When asked what the girl's last name was, TYMS said he did not know and quickly interjected, "she's eighteen."

9.  Police officers asked TYMS to contact the girl, and he used his cell phone to call her on her cell phone. The girl (hereinafter "Victim A") then came to the park and spoke with

2

police officers. Victim A identified herself and told the officers she was 13 years old. Victim A also told officers she never told TYMS she was anything but 13 years old.

10. While other police officers were talking with Victim A, TYMS told Officer A that, on September 24, 2007, TYMS and Victim A had talked specifically about meeting in order to have sex. He further stated that when he met Victim A in the park later that night, he removed Victim A's clothes, he placed his fingers in her vagina, they performed oral sex on each other, and he placed his penis in her vagina. TYMS told Officer A that he had not used a condom and that he had ejaculated on the grass. TYMS said that he and Victim A then put their clothes back on and sat in the playground. TYMS said that Victim A then told him that she was 16 years old.

11. According to Officer A, TYMS said that when he and Victim A first began talking, she had said she was 18 years old. TYMS said that when they met in person for the first time in the late evening of September 24, 2007, he was not sure she was 18 years old. TYMS then put his head down and said words to the effect of, "I'm so fucked aren't I?"

### *TYMS Prior Conviction*

12. On September 25, 2007, TYMS told officers that he had panicked when he saw Officer A's police car because he did not want to get in trouble again. TYMS then told officers that he had previously arranged over the Internet to have sex with a 12-year-old girl who turned out to be an undercover police officer. According to the certified conviction and arrest reports from TYMS' conviction in Case 05CR29290, beginning in August 2005, TYMS had engaged in chats with an undercover sheriff's deputy from the Cook County Sheriff's Police Department who TYMS believed at the time was a 12-year-old girl. On November 19, 2005, TYMS arrived at a McDonald's restaurant expecting to meet the girl, who he believed had just turned 13 years old, and then to have sex with her. The Cook County Sheriff's Department then arrested TYMS.

3

After waiving his *Miranda* rights, TYMS told officers that he knew that it was wrong and illegal to have sex with a young girl but said that he had always liked younger girls. TYMS pled guilty on September 14, 2006 in the Circuit Court of Cook County to one count of indecent solicitation of a child. TYMS was sentenced that day to 18 months of probation and was still serving that sentence on September 25, 2007.

### *TYMS Instant Message Searches*

13. I have reviewed TYMS' chats obtained from AirG, a Canadian company that operates the chat service on which TYMS and Victim A first had contact with each other. According to a customer service manager for AirG, AirG users access AirG's service by signing into AirG's servers, which are located in Vancouver, British Columbia, Canada. Victim A has confirmed the screen names that she and TYMS used on AirG.

14. My review of the relevant chats shows that TYMS knew that Victim A was 13 years old from their first conversation, which occurred on June 23, 2007. At the beginning of that conversation, TYMS and Victim A exchanged the following messages (emphasis added):

| | |
|---|---|
| TYMS: | hey mami how r u |
| Victim A: | Hey daddy im gd nd u --- |
| TYMS: | im alright watchin da cubs. r u single --- |
| Victim A: | Yea im single --- |
| TYMS: | do you like a guy dats sweet pssionate romantic physical has a high sex drive and loves make a lady feel good --- |
| Victim A: | **I do but im only 13 ---** |
| TYMS: | oh do age bother you mami --- |
| Victim A: | No im jus saying I have a belly ring to – |

15. On June 24, 2007, TYMS and Victim A exchanged the following messages (emphasis added):

| | |
|---|---|
| TYMS: | hey mami |
| Victim A: | Hey daddy |

4

|  |  |
|---|---|
| TYMS: | if i fuk u with out a condom can i cum in u |
| Victim A: | Idk |
| TYMS: | hmm mami |
| Victim A: | **Y u wana fuck a 13teen yr old** |
| TYMS: | **it not cuz u 13 it cuz u sound hot** |

16. On June 25, 2007, TYMS and Victim A exchanged the following messages (emphasis added):

|  |  |
|---|---|
| TYMS: | Do we keep thw sex talk for here |
| Victim A: | Yea any sex talk will be done on here nd u do noe how old i am rite |
| TYMS: | i guess unless u changed it |
| Victim A: | **No 13** |
| TYMS: | 31? |
| Victim A: | Ur 31 |
| TYMS: | no im 23 |
| Victim A: | **Im 10 yrs younger yes** |
| TYMS: | Your 5 years older |
| Victim A: | Ur rite my bad ... |

## CONCLUSION

17.   Based on the foregoing, I respectfully submit that there is probable cause to believe that beginning on or about June 23, 2007 continuing to on or about September 25, 2007, MARCUS TYMS, using a facility or means of interstate or foreign commerce, knowingly persuaded, induced, or enticed an individual who had not attained the age of 18 years to engage in sexual activity for which a person could be charged with a criminal offense, in violation of Title 18, United States Code, Section 2422(b).

FURTHER AFFIANT SAYETH NOT.

PATRICK M. GEAHAN
Special Agent
Federal Bureau of Investigation

Subscribed and sworn to before me this 10th day of July 2008.

HONORABLE JEFFREY COLE
UNITED STATES MAGISTRATE JUDGE