UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | No. 08 CR 543 |
| vs. ) | |
| ) | Judge Milton I. Shadur |
| MARCUS TYMS ) | |

**GOVERNMENT'S CONSOLIDATED RESPONSE TO
DEFENDANT'S MOTIONS**

The United States of America, by and through its attorney, PATRICK J. FITZGERALD, United States Attorney for the Northern District of Illinois, hereby respectfully submits these responses to defendant's motion for discovery and his motion for early return of trial subpoenas:

**I.  Motion for Discovery**

Defendant generally moves for production of evidence or information favorable to the defendant or bearing on the credibility of a government witness. The government acknowledges its ongoing duty to disclose exculpatory evidence in this case under *Brady v. Maryland*, 373 U.S. 83 (1963), and will produce any such evidence promptly should it come into the government's possession. At this time, the government is not aware of any evidence which would fall within the purview of *Brady*. The government also acknowledges its duty to produce *Giglio* materials to defendant in this case. The government will honor its obligation under *Giglio v. United States*, 405 U.S. 150 (1972) to provide defendant with any documents reflecting any agreement it has with witnesses at defendant's trial or any evidence bearing on any witness's credibility by producing this evidence within a reasonable time period so as not to prevent the defendant from receiving a fair

1

trial. *See Kompare v. Stein*, 801 F.2d 883, 890 (7th Cir. 1986).[1] Courts have held that such acknowledgments constitute a sufficient basis upon which to deny defendant's motions. *See United States v. Sims*, 808 F. Supp. 607, 614-15 (N.D. Ill. 1992) (motion to produce *Brady* and *Giglio* material denied as moot in light of government's acknowledgment of awareness of its *Brady* and *Giglio* obligations), *United States v. Thomas*, No. 06 CR 684, 2007 U.S. Dist. LEXIS 51157, at *5 (N.D. Ill. July 12, 2007) (same).[2] To the extent defendant moves for production of material beyond what is required under *Brady* and *Giglio*, his request should be denied as overly broad. *See Thomas*, 2007 U.S. Dist. LEXIS 51157 at *5-6.

Defendant has also requested production of evidence or information that the government intends to use as evidence as trial. This part of defendant's motion should be denied, as the government is under no obligation to identify the evidence it intends to use at trial. *See United States v. Balogun*, 971 F.Supp. 1215, 1236 (N.D. Ill. 1997).

Defendant further requests copies of his statements. The government has already produced summaries of oral statements made by defendant to the Carol Stream Police Department in connection with his arrest, chats between defendant and Victim A, and a partial recording of a call

---

[1] The government need not produce *Giglio* material until trial as long as defendant is not prevented from receiving a fair trial. *See United States v. Marquez*, 686 F. Supp. 1354, 1357-58 (N.D. Ill. 1988). *Giglio* information requires little or no warning to be used effectively, and therefore need not be produced far in advance. *See United States v. Rinn*, 586 F.2d 113, 119 (9th Cir. 1978). To require otherwise would have the effect of giving defendant advance disclosure of the government's witness list, to which he is not entitled. *See United States v. Callahan*, 534 F.2d 763, 765 (7th Cir. 1976).

[2] The government's acknowledgment of its obligations under *Brady* and *Giglio* should not be interpreted as a stipulation to provide defendant with all of the materials requested in his motion. Rather, the government will abide by the law in this Circuit and will provide defendant with all materials to which he is entitled.

that defendant placed after his arrest. As noted in an August 11, 2008 letter to defense counsel, the government is in the process of obtaining a transcript of a state-court proceeding in which defendant testified, and will provide that to defendant once available. Accordingly, this part of defendant's motion should be denied as moot.

Defendant similarly requests copies of arrest reports and material relating to defendant's arrest. The government has already produced reports that relate to defendant's arrest and that are in its possession. To the extent additional reports and related material exist, the government commits to produce them to the extent required under *Brady*, *Giglio*, and applicable federal rules. Accordingly, this part of defendant's motion should be denied as moot.

Finally, defendant requests reports of all tests and examinations conducted upon the evidence in this case. The government has already produced such reports pursuant to Federal Rule of Criminal Procedure 16 and acknowledges its continuing obligations to produce such reports. Accordingly, this part of defendant's motion should be denied as moot. *See Thomas*, 2007 U.S. Dist. LEXIS 51157 at *7-8 (denying as moot defendant's request for production under Rule 16 in light of government's representation that it had produced the requested information and its acknowledgment of continuing obligations).

## II.    Motion for Early Return of Trial Subpoenas

The government does not object to defendant's motion for the entry of an order permitting the early return of trial subpoenas to be issued by defendant, and the motion should be granted, so long as the government is similarly granted leave to obtain early return of its trial subpoenas.

**CONCLUSION**

WHEREFORE, for the foregoing reasons, the government respectfully requests that the Court grant and deny defendant's motions as specified above.

                                    Respectfully submitted,

                                    PATRICK J. FITZGERALD
                                  United States Attorney

                by:    /s/ Stephen Chahn Lee
                       STEPHEN CHAHN LEE
                       Assistant United States Attorney
                       219 South Dearborn Street, 5th Floor
                       Chicago, Illinois 60604
                       (312) 353-4127

September 2, 2008