IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | No. 08 CR 543-1 |
| MARCUS TYMS, | ) | |
| Defendant. | ) | |

<u>MEMORANDUM ORDER</u>

Marcus Tyms ("Tyms"), who has pleaded guilty to Count One of a three-count indictment charging him with sexual offenses with a female minor, has since thrashed about in an effort to delay--or to avoid entirely--the day of reckoning. To date those efforts have comprised (1) an unsuccessful motion to withdraw his guilty plea filed by his original counsel, (2) his firing of that counsel and (3) a second motion to withdraw the guilty plea, submitted on his behalf by John Beal, Esq., the member of this District's Federal Defender Panel that this Court has appointed to represent him. Now Tyms, though still represented by attorney Beal, has filed a self-prepared handwritten document captioned "Motion To Prove Applicable Jurisdiction in Cause No. 08-CR-543-1."

That filing is improper in its own right, because no criminal defendant represented by counsel is authorized to proceed pro se as well. But beyond that, Tyms' submission is a truly bizarre document that attacks the United States government

as "a foreign government" that has no power to enforce its law "within the sovereign territory of Illinois." Although the entire three-page document must be read for full appreciation of its outre nature, it concludes in this fashion (copied verbatim):

> In the absence of authentic proof from the legislature of Illinois, defendent moves that all charges be immediately dismissed - with prejudice - and I am immediately released from United States (federal) custody.
>
> This is lawful judicial notice, nunc pro tunc, remaining in effect in Cause No. 08-CR-543-1.

This Court could well simply strike Tyms' motion as unauthorized. But because it is so flawed in substantive as well as procedural terms, the motion is denied out of hand. Moreover, Tyms would do well to confer with his appointed counsel as to the prospect that the course of conduct that he has undertaken can cause him to lose the benefit of the two-level offense reduction for "acceptance of responsibility" in this Court's calculation of the advisory Sentencing Guideline range. In any event, this Court plans to proceed with Tyms' presently scheduled June 8, 2009 sentencing (a date that has been reset after six deferrals).

_____
Milton I. Shadur
Senior United States District Judge

Date: May 15, 2009